897 F.2d 539
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Ignacio Q. MIRANDA, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 90-3023.
 United States Court of Appeals, Federal Circuit.
 Feb. 23, 1990.
 
 Before MARKEY, Chief Judge, NIES, Circuit Judge, and FRIEDMAN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Ignacio Q. Miranda seeks review of the final decision of the Merit Systems Protection Board, Docket No. SE08318910154 (May 22, 1989), affirming the Office of Personnel Management's decision to deny his application for an annuity under the Civil Service Retirement Act (CSRA). We affirm.
 
 OPINION
 
 2
 We agree with the Board that appellant has failed to prove by a preponderance of the evidence that he is entitled to a civil service annuity. To qualify for an annuity, an applicant must demonstrate that he has completed at least five years of civilian service covered by the CSRA. See 5 U.S.C. Secs. 8331(1), 8333(a) (1988). Appellant's positions were either "Excepted Appointment--Indefinite" or limited to one year or less. None of these positions are covered service which would entitle appellant to an annuity. See 5 C.F.R. Sec. 831.201(a)(1), (14) (1988).
 
 
 3
 Appellant's argument, that he is entitled to an annuity based on his military service, confuses covered service with "creditable service." Covered service is different from "creditable service" under the CSRA. See 5 U.S.C. Sec. 8332 (1988). Once an applicant establishes that he or she has served five years of covered civilian service, the annuity amount may be increased because of "creditable" military service. However, "creditable" military service cannot be substituted for the requirement of five years of covered civilian service. Thus, even though OPM corrected an earlier mistake and recognized that appellant would be entitled to "creditable service" for his military service as a Philippine Scout, appellant's time in the military is of no help in proving that he has a right to an annuity under CSRA.